UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-00186-SSS-SHKx | Date | March 31, 2025 |
| Title | *Pasiphae Holdings, Inc. v. SE Logistix, Corp. et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING DEFENDANTS AND COUNTERCLAIMANTS' MOTION FOR DEFAULT JUDGMENT [DKT. 102]**

Before the Court is a Motion for Default Judgment ("Motion") filed by Defendants and Counterclaimants SE Logistix, Corp. and Frank Sawaf ("Counterclaimants"). [Dkt. 102]. Having reviewed Counterclaimants' arguments, the relevant legal authority, and the record in this case, the Motion is **DENIED**.

This is Counterclaimants' third attempt at a default motion. [*See* Dkts. 93, 97]. The Court denied the first motion without prejudice for failure to brief the governing legal standard for default judgment, the *Eitel* factors. [Dkt. 96]. The Court denied the second motion without prejudice because Counterclaimants did not provide any evidence to support their request for damages. [Dkt. 101]. Further, the Court warned any subsequent failure to file an adequate motion may result in dismissal of this case. [*Id.* at 2].

In their third go, Counterclaimants filed a motion nearly identical to their previous. [*See* Dkts. 97, 101]. The only discernable change is a decrease to the award requested from $4,450,000 to $1,000,000. [Dkt. 97 at 14; Dkt. 102 at 14]. However, the reduction in damages does not address Counterclaimants' failure to

provide any evidence in support of their request.  Like its predecessor, the present Motion fails to supply any competent evidence that would permit this Court to award default.

Under Federal Rules of Civil Procedure Rule 55, a court must conduct an accounting and determine damages in entering a default judgment.  "In order to obtain the entry of a default judgment [the movant] must prove the amount of damages to which it is entitled." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001).

Here, Counterclaimants have not remotely proven their damages.  For one, they "fail[] to provide the type of [documents] that would allow the Court to conclude that [their] estimate is reasonable." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012).  Counterclaimants reference two contracts but provide neither the documents nor a declaration stating their terms.  [*See* Dkt. 102 at 3, 4].  Counterclaimants speak to  "repeated … email, telephone, and text communication" from Claimants making promises to Counterclaimants, but again do not supply those communications or a declaration conveying the contents.  [*See id*. at 4].  The Court cannot determine the amount of damages for breach of an unknown contract based on unidentified promises.  *See* Fed. R. Civ. P. 55(b)(2)(B).

Second, in the sole piece of evidence provided, a declaration from Counterclaimant Sawaf that largely repeats the Motion's briefing, there is no attempt to provide rationale for the damage requested.  Sawaf attests he is owed "$450,000 for storage and logistic services rendered," but only provides the Court with the price per pallet charged during certain months.  [Dkt. 102-1 ¶¶ 5– 10].  He does not state the number of pallets, the duration of the contract, or how he arrives at $450,000.  [*See id*.].  Further, "these missing details are presumably within the control and possession" of Counterclaimants, making their omission even more glaring.  *See Wecosign, Inc.*, 845 F. Supp. at 1085.

Because the Court cannot conduct an account and determine the amount of damages as Rule 55 requires, the Court must deny Counterclaimants' Motion.  The Court also notes Counterclaimants have not complied with Local Rule 55-1 as required.  Counterclaimants have thrice failed to file an adequate motion for default judgment while being warned of the risk of doing so.  Accordingly, the Court **DENIES WITH PREJUDICE** Counterclaimants' Motion.  [Dkt. 102].

**IT IS SO ORDERED.**